This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39893**

**GABRIEL LOPEZ d/b/a GABRIEL'S INDEPENDENT STATION,**

Petitioner-Appellee,

v.

**JAYLENE QUILES,**

Respondent-Appellant,

and

**PAULINE DURAN** *recte*
**PAULINE PEREA,**

Respondent.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Flora Gallegos, District Judge**

Phelps Law Office
Brett Phelps
Las Vegas, NM

for Appellee

Jaylene Quiles
Las Vegas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Respondent Jaylene Quiles, a self-represented litigant, appeals from the district court's judgment, ordering a mutual injunction against the parties and denying the

parties' claims for damages. Unpersuaded that Respondent's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a response in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm.

**{2}**     Respondent's memorandum opposing our notice does not clearly address all the issues contained in her docketing statement that we listed and discussed in our notice; does not clarify any of the matters for which our notice sought explanation; and does not set forth the specific legal or factual basis upon which Respondent believes this Court's proposed analysis is incorrect. Instead, Respondent's memorandum accuses this Court and other New Mexico courts of misconduct, making false statements that Respondent does not clearly identify, and violating her constitutional rights and other unidentified rules. [MIO 1-9] Respondent's conclusory assertions do not demonstrate error in our proposed analysis and disposition of the case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     Thus, we affirm for the reasons stated in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**